IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZYBERTECH CONSTRUCTION SOFTWARE SERVICES LTD, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:23-CV-01738-N |
| DARYL SHENNER, *et al.*, | § § § | |
| Defendants. | § § | |

# **ORDER**

This Order addresses Defendants Daryl Shenner and Zybertech USA, LLC's ("Defendants") motion to dismiss [7]. Because the doctrine of comity favors dismissal, the Court grants the motion.

## I. Origins of the Motion

This case arises out of a dispute concerning proceeds from the sale of Plaintiff Zybertech Construction Software Services Ltd.'s ("Zybertech") assets. The Court of Queen's Bench of Alberta, Canada (the "Alberta Court") previously issued a standing order prohibiting Daryl Shenner from using "any corporate credit cards or bank accounts of Zybertech, its Affiliates, or its subsidiaries" or binding "Zybertech, its Affiliates, or its subsidiaries to any obligations or liabilities." Consent Order, Pl.'s Complaint Ex. A at 8 [1-1]. According to Zybertech, in January 2021, Shenner violated the Alberta Court's standing order by withdrawing funds from a bank account belonging to Zybertech USA, a subsidiary of Zybertech. Pl.'s Complaint at ¶ 24. Zybertech previously brought a

ORDER – PAGE 1

conversion and declaratory judgment suit against Defendants. *See Zybertech Construction Servs. LTD v. Shenner*, 3:21-CV-2937-N (N.D. Tex., filed November 22, 2021) ("*Zybertech 1*"). Defendants moved to dismiss under the doctrine of comity, and the Court granted the motion. Order Granting MTD, *Zybertech 1* [46]. With the case in the Alberta Court still in progress, Zybertech initiated a new conversion and declaratory judgment suit against Defendants in this court. Now, Defendants again move to dismiss under the doctrine of comity.

## II. LEGAL STANDARD FOR INTERNATIONAL COMITY

"Comity is 'the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws.'" *Int'l Transactions, Ltd. v. Embotelladora Agral Regiomontana SA de CV*, 347 F.3d 589, 594 (5th Cir. 2003) (quoting *Hilton v. Guyot*, 159 U.S. 113, 163–64 (1895)). District courts may dismiss suits on international comity grounds when there is litigation pending in a foreign forum. *See Perforaciones Exploracion y Produccion v. Maritimas Mexicanas, S.A. de C.V.*, 356 F. App'x 675, 680–81 (5th Cir. 2009) (unpub.) (citing *Ungaro–Benages v. Dresdner Bank AG*, 379 F.3d 1227, 1238 (11th Cir. 2004)). The doctrine of international comity can be applied retrospectively or prospectively. *Ungaro–Benages,* 379 F.3d at 1238. When applying the doctrine retrospectively, domestic courts consider whether to respect the judgment of a foreign tribunal or to defer to parallel foreign proceedings. *See, e.g., Finanz AG Zurich v. Banco Economico S.A.*, 192 F.3d 240 (2d Cir.1999), *accord Maritimas Mexicanas*, 356 F. App'x

at 381.  When determining whether to abstain under the doctrine of comity, a court should normally consider "whether an adequate forum exists in the objecting nation and whether the defendant sought to be sued in the United States forum is subject to or has consented to the assertion of jurisdiction against it in the foreign forum." *Jota v. Texaco, Inc.*, 157 F.3d 153, 160 (2d Cir. 1998).  Courts also consider whether the central issue in dispute is a matter of foreign law and whether there is a prospect of conflicting judgments.  *Turner Entertainment Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1521 (11th Cir. 1994).  The party asserting the affirmative defense of comity has the burden of proof on the issue.  *Int'l Transactions*, 347 F.3d at 594.

### III.   THE COURT GRANTS THE MOTION TO DISMISS

This Court already decided this matter last year.  *See Zybertech 1* [46].  The circumstances surrounding this dispute have not meaningfully changed since then.  The doctrine of international comity still favors dismissal of this case so that the matter may proceed in the Alberta Court.

The ongoing proceedings in the Alberta Court favor abstention under the doctrine of comity.  Our sister courts have repeatedly held that federal courts should "defer to proceedings taking place in foreign countries," *Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru*, 109 F.3d 850, 854 (2d Cir. 1997), so long as "the foreign court had proper jurisdiction and enforcement does not prejudice the rights of United States citizens or violate domestic public policy," *Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.*, 825 F.2d 709, 713 (2d Cir.1987) and the foreign court abides by "fundamental standards of procedural fairness." *Allstate Life Ins. Co. v. Linter Group Ltd.*, 994 F.2d 996, 999 (2d.

ORDER – PAGE 3

Cir. 1993). The Court holds that these conditions are met by the parallel proceeding in the Alberta Court, favoring deference to that pending case.

First, it is undisputed that the Alberta Court has jurisdiction over the underlying cause of action and the parties before it. *See generally* Pl.'s Response 13–15 [14]; Def.'s Brief at 8 [8]. Next, the Alberta Court has allowed the parties to present evidence and issued rulings based upon the record before it. *See* Pl.'s Compl. Ex. A, B, C [1-1]. Lastly, the Alberta Court has followed the relevant procedural rules and stated each of its findings in a formal written opinion. *Id*. Accordingly, the Court holds that the parallel proceeding adequately protects the rights and interests of the parties involved.

Moreover, district courts may utilize their discretion to invoke the doctrine of international comity to prevent conflicting rulings and duplicative efforts. *See Perforaciones Exploracion y Produccion*, 356 F. App'x at 680–81; *Int'l Transactions*, 347 F.3d at 593–594. American courts applying comity principles routinely defer to Canadian courts. *See, e.g., Block v. InterOil Corp.*, 373 F. Supp. 3d 683, 689 (N.D. Tex. 2019) ("Canada is a sister common-law jurisdiction[,]" and the "Court is aware of no case in which an American court has refused to defer to Canada.") (quoting *Caddel v. Clairton Corp.*, 105 B.R. 366, 366 (N.D. Tex. 1989)). The Court determines that exercising jurisdiction in this case may lead to conflicting rulings from the two court systems. As discussed above, the basis of Zybertech's conversion suit is Shenner's alleged withdrawal of funds in violation of the Alberta Court's standing order. Pl.'s Complaint at 18–19. The Alberta Court is already managing the matter and has been doing so for over three years. Allowing the conversion suit to move forward in this Court would require the Court to

determine the validity of the Alberta Court's standing order, interpret the provisions restricting Shenner's withdrawals, and make a factual determination as to whether Shenner did in fact commit a violation. The Alberta Court is better suited to make such determinations and is already doing so. If the instant suit proceeds, the Court would have to make determinations without the guidance of a record and final judgment from the Alberta Court, which creates the risk that a reversal in the Canadian system would undermine the current action. Accordingly, the Court again declines to exercise jurisdiction and grants the motion to dismiss.[1]

## CONCLUSION

Because the doctrine of comity favors dismissal, the Court again grants the motion and dismisses Zybertech's claims without prejudice.

Signed September 4, 2024.

_____
David C. Godbey
Chief United States District Judge

---

[1] Because international comity favors dismissal, the Court does not address Defendants' personal jurisdiction or venue arguments.

ORDER – PAGE 5